WHITE & CASE LLP
1155 Avenue of the Americas
New York, NY 10036
Telephone: (212) 819-8200
Facsimile: (212) 354-8113
J. Christopher Shore

Attorneys for Robert C. Flexon and Clint Freeland

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| DYNEGY INC.[1] | Case No. 12-36728 (CGM) |
| Debtor. | |

**MOTION TO ENFORCE THE ORDER CONFIRMING THE JOINT CHAPTER 11
PLAN OF REORGANIZATION FOR DYNEGY HOLDINGS, LLC AND DYNEGY INC.**

TO THE HONORABLE CECELIA G. MORRIS,
CHIEF UNITED STATES BANKRUPTCY JUDGE:

Robert C. Flexon and Clint C. Freeland (together, the "Dynegy Defendants") hereby file this motion (the "Motion") for an order requiring that Stephen Lucas ("Lucas") withdraw certain class allegations in the Securities Litigation (defined below) within (7) seven days. In support of the Motion, the Dynegy Defendants state as follows:

**PRELIMINARY STATEMENT**

On November 5, 2012, Lucas served an Amended Class Action Complaint (the "Amended Complaint") on the Dynegy Defendants in the action styled <u>Charles Silsby, et al.</u> v. <u>Carl C. Icahn, et al.</u>, No 1:12-cv-02307-JGK (the "Securities Litigation") alleging pre-petition

---

[1] The last four digits of Dynegy Inc.'s federal tax identification number are 3152. The location of Dynegy Inc.'s corporate headquarters and the service address is 601 Travis Street, Suite 1400, Houston, Texas 77002.

securities fraud violations and related "control person" claims by the Dynegy Defendants and other former directors and alleged shareholders of Dynegy, Inc. ("Dynegy"). Significantly, in violation of the Order Confirming the Joint Chapter 11 Plan of Reorganization for Dynegy Holdings, LLC and Dynegy Inc. ("Confirmation Order") [Docket No. 153], Lucas purports to prosecute claims on behalf of parties that did not opt out of certain releases (the "Non-Optouts") in the Joint Chapter 11 Plan of Reorganization for Dynegy Holdings, LLC and Dynegy Inc. (the "Plan"). Specifically, paragraph 55(D) of the Confirmation Order states that:

> To the extent it is determined by an order of this Court that the Non-Debtor Releases apply to the Non-Optouts as of the date of the Confirmation Hearing (and only to the extent it is and such determination has not been reversed or stayed pending appeal), <u>the prosecution of the Claims and Causes of Action asserted in the Securities Litigation against the non-Debtor parties to such litigation may proceed only with respect to members of the Putative Class who individually opted out of the Non-Debtor Releases.</u>

(Confirmation Order at 54-55) (emphasis added) In the Order Overruling Lead Plaintiff's Preserved Objection to the Debtors' Joint Amended Chapter 11 Plan of Reorganization Under the Bankruptcy Code, dated October 4, 2012 (the "Order Overruling Lucas Objection") [Docket No. 186], this Court explicitly found that the Non-Debtor Releases applied to Non-Optouts:

> the Confirmation Order remains in full force and effect, and as specified in paragraph 55 of the Confirmation Order, the Non-Debtor Releases apply to the Non-Optouts as of the date of the Confirmation Hearing (as such terms are defined in paragraph 55 of the Confirmation Order).

(Order Overruling Lucas Objection at 3) Thus, Lucas's purported prosecution of the Securities Litigation on behalf of shareholders that did not individually opt out of the releases in the Plan is a clear violation of the Confirmation Order.

NEWYORK 8673309 (2K)

## STATEMENT OF FACTS

1. The Dynegy Defendants are current officers of reorganized debtor Dynegy Inc. ("Dynegy"), which commenced the above-captioned chapter 11 case on July 6, 2012. Dynegy Defendant Robert C. Flexon is also a current and former member of Dynegy's board of directors.

2. On July 12, 2012, Dynegy filed the Plan with the Court [Docket No. 28]. Section 8.20 of the Plan includes certain third-party releases of "Released Parties." The Released Parties includes, among others, "the present and former directors, officers, managers [and] equity holders" of Dynegy, including the Dynegy Defendants. (Plan, Ex A., Glossary of Defined Terms ¶ 138).

3. In addition, Section 15.25 of the Plan enjoins certain actions against Dynegy and its current and former officers and directors. Specifically, Section 15.25 provides in relevant part that:

> On the Effective Date and except as otherwise provided herein, all Persons who have been, are, or may be holders of Claims against or Equity Interests in the [Dynegy] shall be permanently enjoined from taking any of the following actions against or affecting [Dynegy], its Estate, its non-Debtor Affiliates, or its Assets, or Reorganized Dynegy, or any of their current or former respective members, equity holders, directors, managers, officers, employees, agents, and professionals, successors and assigns or their respective assets and property with respect to such Claims (other than actions brought to enforce any rights or obligations under the Plan):
> > (i) commencing, conducting or continuing in any manner, directly or indirectly, any suit, action or other proceeding of any kind (including, without limitation, all suits, actions and proceedings that are pending as of the Effective Date, which must be withdrawn or dismissed with prejudice) . . . .

4. Section 8.20 of the Plan permitted holders of claims and equity interests in Dynegy to opt-out of the third-party releases (and the corresponding injunction):

> the releases provided in this Section 8.20 shall not apply to any holder of a Claim or Equity Interest (other than any party to the Plan Support Agreement, except as otherwise provided therein) that elects to "opt out" of such releases by making such election on its timely submitted ballot (to the extent it receives a ballot) or in a written notice submitted to the Solicitation Agent on or before the Plan Objection Deadline.

5. As set forth in Exhibit B to the Confirmation Order, only twenty-two holders of claims or equity interests with respect to Dynegy opted out of the releases set forth in Section 8.20. Of those twenty-two, just fourteen were equity holders in Dynegy.[2]

6. On August 24, 2012, Lucas filed an objection to confirmation of the Plan and sought, among other things, authority to opt-out on behalf of all putative class members in the Securities Litigation (the "Lucas Objection").

7. In an effort to settle the disputes between Lucas and Dynegy, the parties agreed to defer Lucas's objections to the Plan and to add the following agreed upon language to the Confirmation Order:

> 55. <u>Lucas Objection</u>. At the commencement of the Confirmation Hearing, counsel for DI and Lucas, the lead plaintiff (the "Lead Plaintiff") in the Securities Litigation pending in the United States District Court for the Southern District of New York (the "District Court") announced that the Lead Plaintiff had agreed to withdraw the Lucas Objection (on behalf of himself and all members of the putative class in the Securities Litigation whose interests he may represent (the "Putative Class")) subject to the following terms, which are hereby adopted and approved by the Court and incorporated into this Confirmation Order:
> (A) The Lead Plaintiff, DI and the non-Debtor defendants in the Securities Litigation shall engage in good faith negotiations, on an expedited basis, to settle

---

[2] Even that number likely is an overcount, as two of the shareholders are identified as "Jimmy Glenn" and three of the shareholders appear to be related legal entities, meaning there may be as few as eleven shareholders, some of whom apparently did not purchase during the alleged class period.

-4-

the Securities Litigation; and any settlement shall be subject to approval by the District Court under Rule 23 of the Federal Rules of Civil Procedure;

(B) Notwithstanding anything else to the contrary in the Plan, the Confirmation Order, or any findings or conclusions of the Court in connection therewith, the confirmation and consummation of the Plan shall be without prejudice to the Lead Plaintiff's or DI's right to litigate in this Court (which shall have sole and exclusive jurisdiction to decide) all issues raised in the Lucas Objection regarding the releases contained in Section 8.20 of the Plan (and all related provisions of the Plan that implement such releases, including injunction provisions) (the "Non-Debtor Releases") solely as they relate to the Lead Plaintiff and the Putative Class and the Securities Litigation, including, whether or not, as of the date of the Confirmation Hearing, the Non-Debtor Releases apply with respect to the Securities Litigation to the members of the Putative Class who did not individually exercise their right to opt out of such Non-Debtor Releases but are alleged by the Lead Plaintiff to have opted out by virtue of the Lead Plaintiff's opt out notice (the "Non-Optouts"). No provision of the Plan, the Confirmation Order or any findings and conclusions of the Court with respect to or directly related to the Non-Debtor Releases shall be binding on Lead Plaintiff and the Putative Class in connection with the litigation described in this paragraph 55. In the event that the negotiations described in (A) above are unsuccessful and either DI or the Lead Plaintiff provide written notice to the other that an impasse has occurred, DI or the Lead Plaintiff may have the issues described herein set for hearing before this Court on an expedited basis, upon no less than five (5) Business Days' notice to the other party; provided, however, that at the status conference currently scheduled before the Court on September 20, 2012 at 10:00 a.m., either party may request that the Court set the issues described herein for hearing on September 28, 2012 (subject to the Court's availability), and the other party shall not object to the setting of such hearing. The Lead Plaintiff agrees not to prosecute the Securities Litigation pending agreement of DI and the Lead Plaintiff otherwise or a determination by this Court pursuant to (C) or (D) below;

(C) To the extent it is determined by an order of this Court that the Non-Debtor Releases do not apply to the Non-Optouts as of the date of the Confirmation Hearing (and only to the extent it is so determined), and such determination has not been reversed or stayed pending appeal, such Non-Debtor Releases shall not impair or prohibit the prosecution of the Claims and Causes of Action asserted in the Securities Litigation against the non-Debtor parties to such litigation;

(D) To the extent it is determined by an order of this Court that the Non-Debtor Releases apply to the Non-Optouts as of the date of the Confirmation Hearing (and only to the extent it is so determined), and such determination has not been reversed or stayed pending appeal, the prosecution of the Claims and Causes of Action asserted in the Securities Litigation against the non-Debtor

-5-

parties to such litigation may proceed only with respect to members of the Putative Class who individually opted out of the Non-Debtor Releases;

(E) Except as set forth in this paragraph 55, the Plan and Confirmation Order shall be binding on the Lead Plaintiff and the Putative Class and a determination by the Court pursuant to (C) or (D) above shall not otherwise affect the rights of any other party in interest or holder of a Claim against or Equity Interest in the Plan Debtors; and

(F) This settlement shall not be evidence of, or be used by any party, as support for, or opposition to, any issue in connection with any subsequent proceedings to determine the applicability of the Non-Debtor Releases to the Non-Optouts.

(Confirmation Order at 54-55)

8. The Court entered the Confirmation Order on September 10, 2012. The Confirmation Order incorporated by reference the Section 8.20 releases and also the same injunctive language contained in Section 15.25 of the Plan enjoining certain actions against Dynegy and its current and former officers and directors. (Confirmation Order at 46 and 51-52)

9. Following entry of the Confirmation Order, in accordance with their agreement, Dynegy and Lucas engaged in negotiations to settle the Securities Litigation. No settlement, however, could be reached and a hearing on the Lucas Objection was scheduled in accordance with the parties' agreement.

10. At the hearing, on October 1, 2012, the Court overruled the Lucas Objection in its entirety and, in the Order Overruling Lucas Objection, the Court specifically referred back to paragraph 55 of the Confirmation Order and confirmed that the "Non-Debtor Releases apply to the Non-Optouts," making clear that paragraph 55(D) of the Confirmation Order was in "full force and effect:"

the Confirmation Order remains in full force and effect, and as specified in paragraph 55 of the Confirmation Order, the Non-Debtor Releases apply to the Non-Optouts as of the date of the

> Confirmation Hearing (as such terms are defined in paragraph 55 of the Confirmation Order).

(Order Overruling Lucas Objection at 3).

11. On November 5, 2012, Lucas served the Amended Complaint, attached hereto as Exhibit A, upon White & Case, counsel for Robert Flexon and Clint Freeland.[3] Although not a model of clarity, paragraphs 100 and 101 of the Amended Complaint appear to define the "Class" to include Non-Optout shareholders, in direct contravention of the Confirmation Order:

> 100. To the extent permitted under the terms of the orders dated September 10, 2012 and October 1, 2012 entered by the Bankruptcy Court, as they may be amended or modified following appeal or subsequent motion to the Bankruptcy Court, including, all those members of the proposed class who have already opted out from releases entered by the Bankruptcy Court, Lucas intends to bring this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of all persons who purchased or otherwise acquired Dynegy securities during the Class Period (the "Class"). Excluded from the Class will be Defendants and their families, the officers and directors of the Company, at all relevant times, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendants have or had a controlling interest.
>
> 101. The members of the Class are so numerous that joinder of all members will be impracticable, since Dynegy has millions of shares of stock outstanding and because the Company's shares were actively traded on the NYSE. As of July 31, 2012, Dynegy had approximately 122 million shares issued and outstanding. While the exact number of potential Class members in unknown to Lucas at this time and can only be ascertained through appropriate discovery, Lucas believes that there are numerous

---

[3] The newly named defendants in the Securities Litigation, Kevin T. Howell, Thomas W. Elward, E. Hunter Harrison, Michael J. Embler, Vincent J. Intrieri and Samuel Merksamer have not been served with the Amended Complaint.

members in the proposed Class and that they are geographically dispersed.

(Amended Complaint at ¶¶100-101)

## ARGUMENT

12. Paragraph 55(D) of the Confirmation Order plainly states that if it is determined that "the Non-Debtor Releases apply to the Non-Optouts as of the date of the Confirmation Hearing," then "the prosecution of the Claims and Causes of Action asserted in the Securities Litigation against the non-Debtor parties to such litigation may proceed only with respect to members of the Putative Class who individually opted out of the Non-Debtor Releases." (Confirmation Order ¶ 55(D) (emphasis added))  The Order Overruling Lucas Objection is explicit in finding that "the Non-Debtor Releases apply to the Non-Optouts as of the date of the Confirmation Hearing." (Order Overruling Lucas Objection at 3)  Thus, the Securities Litigation may only be pursued on behalf of members of the Putative Class who individually opted out of the Non-Debtor Releases..

13. Lucas, however, appears to be pursuing the Securities Litigation on behalf of shareholders other than those who individually opted out[4] as demonstrated by his characterization of the class as "so numerous that joinder of all members will be impracticable, since Dynegy has millions of shares of stock outstanding and because the Company's shares were actively traded on the NYSE. As of July 31, 2012, Dynegy had approximately 122 million shares issued and outstanding." (Id. ¶ 101)  Indeed, Lucas alleges that, "[w]hile the exact

---

[4] Although Lucas makes mention in the Amended Complaint that his class definition is "To the extent permitted under the terms of the orders dated September 10, 2012 and October 1 [sic], 2012 entered by the Bankruptcy Court," (Am. Compl. ¶ 100) he does not actually state those limitations or, as set forth herein, appear to be acknowledging them.

number of potential Class members is unknown to Lucas at this time and can only be ascertained through appropriate discovery, Lucas believes that there are numerous members in the proposed Class and that they are geographically dispersed." (Id.) These allegations cannot be reconciled with the express terms of the Confirmation Order and Exhibit B to the Confirmation Order, which identifies, at most, fourteen potential class members that opted out of the releases, as Lucas well knows.

14. Importantly, Lucas did not obtain (or even seek) a stay of the Confirmation Order or the Order Overruling Lucas Objection pending appeal. Thus, notwithstanding the notice of appeal filed on October 12, 2012 with respect to the Order Overruling Lucas Objection, the provisions of the Confirmation Order were in full force and effect when Lucas filed the Amended Complaint and are not subject to modification or amendment.

15. The allegations in the Amended Complaint violate this Court's Confirmation Order, and the Court should take such action as it deems just and proper to remedy the violation.

## CONCLUSION

WHEREFORE, the Dynegy Defendants respectfully request that the Court enter an order (i) requiring that Lucas withdraw the class allegations in the Amended Complaint within (7) seven days and (ii) granting the Dynegy Defendants such other relief as is just and proper.

Dated: November 13, 2012  
      New York, New York

Respectfully submitted,

WHITE & CASE LLP

By:  /s/ J. Christopher Shore  
J. Christopher Shore  
1155 Avenue of the Americas  
New York, NY 10036  
Telephone: (212) 819-8200  
Facsimile: (212) 354-8113  
gkurtz@whitecase.com

*Attorneys for Robert C. Flexon and Clint Freeland*

-10-